## FIRE DEPARTMENT OF CITY OF NEW YORK *v.* HILL *et al.*

*(Common Pleas of New York City and County, General Term.* April 20, 1891.)

1. THEATERS—ALLOWING PERSONS IN AISLES.

In an action for a penalty for allowing persons to stand in the passage-ways of defendant's theater during a performance, it appeared that defendant was the lessee of the theater, but had let to another the privilege of giving performances therein, defendant furnishing ticket sellers, ticket takers, and necessary ushers; that the ushers were employed and paid by defendant, though they were subject to the orders of the party giving the performances, and that it was by the latter that the persons who crowded the passage-way on the occasion in question were admitted; that, about a week previously, defendant's attention had been called by officers to the violation of the statute, and he then promised compliance with the law, but, though he was afterwards in and about the theater, the infraction of the law continued. *Held,* that this authorized a finding that defendant allowed the passage-ways to be obstructed as complained of, and a judgment for the penalty should not be disturbed on appeal.

2. SAME—RECOVERY OF PENALTY.

To recover such penalty from the manager of a theater, it is not necessary to prove that he knew that any persons were standing in the passage-way at the time in question, or that he gave permission to any one to stand in the passage-way; that a number of tickets for a performance were sold by his agents after they knew the seats in the house were filled is sufficient proof to sustain a judgment, in the absence of evidence that such sale was in opposition to his wishes. Following *Fire Department v. Stetson,* 14 Daly, 125.

Appeal from eighth district court.

Action by the fire department of the city of New York against James M. Hill and others. Defendant Hill appeals from a judgment for plaintiff. Laws N. Y. 1885, c. 456, § 28, provides: "In all places of public amusement and instruction already erected, * * * all aisles and passage-ways * * * shall be kept free from camp-stools, chairs, sofas, stoves, or any obstructions, and no person or persons shall be allowed to stand in or occupy any of the aisles or passage-ways during any performance," etc.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Foster & Stephens,* for appellant. *W. L. Findley,* for respondent.

DALY, C. J. It was established by satisfactory evidence that there was a violation of the building laws, on the occasions complained of, in the defendant's theater, in that the passage-way at the back of the auditorium was so crowded with people standing there while the performance was in progress that persons going to or from their seats had to crowd through. There were from 40 to 50 persons so standing. The question is whether the defendant Hill is responsible for this violation of the statute. He was lessee of the theater, but had let to Joseph Brooks, manager of Miss Dauvray, the privilege of giving performances therein for four weeks, and it was during such performances that the violations complained of took place. Under his agreement with Brooks, the defendant was to furnish, among others, "the usual *attachés* before and behind the curtain, * * * ticket sellers, ticket takers, and necessary ushers." The person who admitted the bearers of tickets which did not entitle the holders to seats, and the persons whose duty it was as ushers to seat the audience and conduct them through the aisles and passage-ways, were employed and paid by defendant. It was shown, however, that they were subject to the orders of Brooks' representatives, who had the right to admit whomsoever they pleased to the theater, and that the persons who crowded the passage-ways on the occasion in question were admitted by the latter. It was, however, made clear by the evidence that the defendant was frequently in and about the theater during these performances, and knew

that the passage-ways were obstructed by persons standing therein; and, having had his attention called to the violation of the law by officers of the department, had promised to look out thereafter, and comply with the law. This was a week before September 30th, the day of the violation for which the penalty was inflicted, and the defendant was in and about the theater after making such promise. Nevertheless the infraction of the law continued. From the defendant's promise it is to be inferred that he had the power to correct the abuse complained of; and it is quite certain that by the terms of his lease to Brooks he did not in any way relinquish his possession and control of the premises. He merely let to Brooks the privilege of giving performances, and therefore parted with no rights beyond those necessary to the full exercise of the privilege. His reserved rights included ample power to see that no violations of law were committed in the theater. If he had had no notice that such violations were committed during the period covered by his lease to third parties, he might not be responsible; but after notice it was his duty to issue such instructions, and take such measures to see that they were carried out, as would be reasonable under the circumstances. Failing in that, the justice was authorized to find that he allowed the passage-way to be obstructed by persons standing therein, as complained of, and the judgment for the penalty should not be disturbed. We held in the case of *Fire Department* v. *Stetson*, 14 Daly, 125, that, to recover the penalty given for the violation of the act prohibiting the standing of persons in the aisles or passage-ways of a theater during a performance, it is not necessary to prove that the manager of the theater knew that any persons were standing in the passage-way at the time in question, or that he gave permission to any one to stand in the passage-way. That a number of tickets for a performance were sold by his agents after they knew the seats in the house were filled is sufficient proof to sustain a judgment, in the absence of evidence that such sale was in opposition to the defendant's wishes. The judgment should be affirmed, with costs. All concur.